Corley *v.* Corley.

## CORLEY *v.* CORLEY.

1. HUSBAND AND WIFE. *Tenant by courtesy.* Under sec. 2481 of the Code, the husband now has no power to sell the wife's land, but his right to remain thereon and enjoy its use and occupation during the continuance of coverture, and if he survives his wife, during his own life, the right still remains.

Case cited: Guion *v.* Anderson, 8 Hum., 325.

2. SAME. *Wife's equity.* Where the wife is forced to separate from her husband by reason of cruel and inhuman treatment from him, she may, by bill in equity, have a suitable provision made for her support out of the rents and profits of her land.

Case cited: Prater *v.* Hoover, 1 Col., 544.

### FROM KNOX.

Appeal from the Chancery Court. O. P. TEMPLE, Chancellor.

BAXTER & SON and LEWIS & COMFORT for complainant.

HENDERSON & TILLMAN for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

The bill alleges that Mrs. Corley acquired title in fee to the land in 1868, when the parties were living together as husband and wife, and that they so continued until 1872, when complainant was forced to leave her husband on account of his cruel and brutal treatment.   She is still living separate with their children.   Defendant has rented out the property and is receiving the rents.   Complainant claims the right to be put in possession.

The allegations of the bill are admitted by the demurrer, which claims that defendant, as tenant by the courtesy, is entitled to the possession of the land. The question is, what changes have been made by statute in the rights of the husband as tenant by the courtesy?   The land in this case was acquired during their cohabition, and not after the separation; therefore, sec. 2485 has no application.   And it was acquired in 1868, and therefore sec. 2486 *b* (1869–70) cannot apply.

But the act of 1849 (Code, sec. 2481) does apply, and upon its construction the question depends.   This act declares that the husband shall not sell his wife's real estate during her life, without her joining in the conveyance in the manner prescribed by law.   This act was construed in *Prater* v. *Hoover*, 1 Col., 544, as follows:

"The spirit and intention of the act of 1849 is, that wives shall not be deprived of their real estate by any act of their husbands, without their solemn and free concurrence, in the single mode prescribed by law."

Corley *v.* Corley.

By the common law the husband, by marriage, gains an estate of freehold in the inheritance of his wife, in her right, which may continue during their joint lives, and may, by possibility, last during his own life. He is not, however, solely seized, but jointly with his wife. If there be a *disseisin* during coverture, it is a *disseisin* of the entire joint estate, and they must jointly sue to recover possession. *Guion* v. *Anderson*, 8 Hum., 325. By the common law the husband could sell or otherwise create a *disseisin*, which would be effectual against the wife, because she could not sue alone, and, if her husband joined with her, his conveyance would be an estoppel against him. But, by the act of 1849, the husband cannot convey his wife's land so as to affect her rights, because such conveyance is void unless she joins with him. As tenant by the courtesy initiate, the husband now has no power of sale, but his right to remain on the land and enjoy its use and occupation during the continuance of the coverture, and if he survives his wife, during his own life, still remains.

In the present case, the wife has been forced, by the cruel conduct of her husband, to leave her own home and seek another. She does not thereby forfeit her right to the use and enjoyment of her land. Her husband is in lawful possession, as the allegation of cruel and brutal treatment does not rest on specified facts from which the court can see that he has thereby forfeited his matrimonial rights, and until the law or death has dissolved the coverture, he has a right to remain on it and use it. But under the act of 1849,

as construed in *Prater* v. *Hoover*, wives cannot be deprived of the enjoyment of their real estate by any act of their husbands, without their free concurrence. Here the complainant is deprived of the enjoyment of her own land, by cruel and brutal treatment by her husband, which forces her to leave it. She is entitled to the use and enjoyment of her land, and as she cannot have this, according to the allegations of the bill, in consequence of the cruel treatment of her husband, she has a right to come into a court of equity, and have a fair portion of the rents and profits secured for herself and children. I am therefore of opinion that the chancellor's decree dismissing the demurrer was correct. As to the technical objection, that the wife has sued in her own name and not by next friend, that can be remedied when the cause is remanded, which is done for answer and trial on the merits, and defendant will pay the costs of this court.

Upon rehearing, NICHOLSON, C. J., said:

The opinion holds, upon the allegations of the bill, defendant is lawfully in possession of the property but not entitled to the exclusive enjoyment of the rents and profits, and on this ground the bill could be maintained; but what would be the rights of the parties upon more specific allegations of cruel treatment and the proof thereof, the court gave no opinion.

The cause was remanded, with leave to amend and try on the merits, meaning the merits after such amendments should be made as would raise the ques-

tion whether defendant had not lost all his rights by forcing complainant from home by his cruel treatment.

With the modification interlined in the decree, in these words, "for the reason stated in the opinion of the court," it will be entered.